

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-21-2008

# USA v. Brown

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1224

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Brown" (2008). *2008 Decisions.* Paper 1551.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1551

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

that he cannot prevail under the controlling authority of United States v. Booker, 543 U.S. 220 (2005), but raises the argument to preserve it for possible further review. We will affirm.

Because the parties are familiar with the facts, we discuss them only briefly. A jury found Brown guilty of possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, the District Court determined that Brown was subject to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because he had three prior convictions for drug trafficking offenses. The court calculated a Guidelines range of 188 to 235 months and sentenced Brown to 210 months of imprisonment.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Brown argues that the District Court violated his Sixth Amendment rights by enhancing his sentence under the ACCA based on facts — the existence of his prior convictions — that were not charged in the indictment, admitted by him, or found by a jury beyond a reasonable doubt. He acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), in which the Supreme Court held that the fact of a prior conviction need not be charged in an indictment or proved beyond a reasonable doubt. He contends that Almendarez-Torres was wrongly decided and raises the issue to preserve it for further review.

We have repeatedly recognized that Almendarez-Torres remains binding

that the issue he raises – whether the District Court erred in failing to apply the proof beyond a reasonable doubt standard in determining the enhancement – was decided adversely to him in <u>United States v. Grier</u>, 475 F.3d 556 (3d Cir. 2007) (en banc). Although the issue has been decided by us, Brown seeks to preserve the issue in anticipation of review by the Supreme Court.

This panel does not have the authority to disturb the holding of an en banc decision of this Court. Accordingly, the judgment of the District Court will be affirmed.

_____